Danny FULLER, Individually and d/b/a Danny's Factory Outlet, Petitioner,

v.

TEXAS WESTERN FINANCIAL CORPORATION, Respondent.

No. C–1495.

Supreme Court of Texas.

Oct. 13, 1982.

transactions between original contracting parties or their assignees. The language of section 2.326(c) indicates the intent of the parties is to be disregarded only when the rights of third-party creditors intervene. *See* Tex.Bus. & Com. Code Ann. § 2.326(c), Comment 2 (Vernon 1968). As between original parties, the proper focus is on subdivision (a) of section 2.326. The trial court should determine from any agreements between the parties whether a sale or return was intended or whether the parties unequivocally "otherwise agreed" to create a consignment. We refuse the writ, no reversible error.

Charles H. Clark, Tyler, for petitioner.

Hunter, Stewart, Salzberger, Vineyard & Miller, Harry J. Martin, Jr., Dallas, for respondent.

PER CURIAM.

The facts and contentions of the parties are set out in the court of appeals' opinion. 635 S.W.2d 787. We agree with the trial court and the court of appeals the delivery of goods to Fuller was a sale as a matter of law and not a consignment. We also agree, however, with Fuller's contention that section 2.326(c) of the Texas Business and Commerce Code does not apply to